On January 3, 1972, the plaintiff and the named defendant executed a bond for deed which provided that the plaintiff would sell to the named defendant 14.52 acres of land located on the southerly side of route 44 in the town of Canton. At the same time the named defendant placed in escrow with its attorney, the defendant Charles D. Gersten, the sum of $2200. Performance of the sale under the bond for deed was conditioned on the zoning of the subject property for a minimum of 300 apartment units. The agreement gave the named defendant the right to apply for zoning approval, but did not specifically obligate it to make application for zoning approval. *Page 593 
At the time of execution of the bond for deed the parties expected that there would be community support as well as official support for the project, although it was known that the town was in the process of decreasing the number of apartment units per acre and had, in fact, reduced the number from twelve units per acre to six units per acre. In order to accommodate the named defendant's proposed development it would be necessary to increase the number of units per acre to twenty.
Immediately upon the execution of the bond for deed Martin Butwin, on behalf of the named defendant, held conferences with the engineers, the attorney for the plaintiff, town officials, community officials and zoning authorities. The plaintiff's real estate agent advised the named defendant not to file a zoning application until community support was obtained, because the only support for the proposed development came from the first selectman. After consultation with the plaintiff's attorney, it was decided to appear before the planning and zoning commission informally. An informal appearance was encouraged by the commission to avoid unnecessary expense to the developer. Butwin made a full presentation to the commission at the informal hearing. He was discouraged by the commission from going forward with an application because the commission was interested in controlling the number of apartments and was apprehensive about the capacity of the sewer plant to handle large apartment developments. Subsequent to the informal hearing, Butwin had further contacts with the plaintiff's attorney, his real estate agent and the first selectman. Upon receipt of a letter from the chairman of the commission to the first selectman, the plaintiff's agent indicated to the defendant that the proposed development could not be accomplished under current zoning regulations, *Page 594 
but suggested that the defendant purchase the property as it was valuable. The defendant showed no interest in this suggestion. As the result of a discussion with the plaintiff's attorney in November, 1972, both parties agreed that the proposed project was dead and that nothing else could be done. No request was made by the plaintiff that the defendant file a formal application with the zoning commission. On November 15, 1972, the named defendant informed the plaintiff that the agreement was being cancelled and requested a return of the deposit, which was subsequently returned to it by the defendant escrow agent.
The assignment of errors filed by the plaintiff does not comply with 568E of the Practice Book, which requires the assignment to be specific and to assert directly that the trial court committed error in specified respects. The assignment of errors seems to challenge certain findings of fact, as well as certain conclusions. The plaintiff cannot attack the finding of facts because he did not move to correct the finding as required by 567G of the Practice Book. The subordinate facts found by the court amply support the conclusions and the judgment rendered in favor of the defendants.
 There is no error.
PARSKEY, D. SHEA and SPONZO, Js., participated in the decision.